DocuSign Envelope ID: 8D1182CD-FBA9-436D-B1E3-7059010D1E27

**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
        chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Edward Taylor**,<br><br>              Plaintiff,<br><br>vs.<br><br>**Dawood Investments, Inc. d/b/a Royal Towing,** an Arizona corporation, **David Dawood and Jane Doe Dawood**, a married couple, **Revan Tamaru and Jane Doe Tamaru,** a married couple, and **Randy Tamaru and Jane Doe Tamaru II**<br><br>              Defendants. | No.<br><br>**VERIFIED COMPLAINT** |

Plaintiff, Edward Taylor ("Plaintiff" or "Taylor"), sues the Defendants Dawood Investments d/b/a Royal Towing ("Defendant Royal Towing"), David Dawood and Jane Doe Dawood, Revan Tamaru and Jane Doe Tamaru, and Randy Tamaru and Jane Doe Tamaru II ("Defendants") and alleges as follows:

-1-

## PRELIMINARY STATEMENT

1. This is an action for unpaid overtime wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek. See 29 U.S.C § 207.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

5. At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

6. At all material times, Defendant Royal Towing was a corporation duly licensed to transact business in the State of Arizona. At all material times, Defendant Royal Towing does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

7. At all relevant times, Defendant Royal Towing owned and operated as "Royal Towing," a vehicle towing and repossession company located at 1107 S. Center Street, Mesa, AZ 85210.

8. Under the FLSA, Defendant Royal Towing is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Royal Towing had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendant Royal Towing in relation to the company's employees, Defendant Royal Towing is subject to liability under the FLSA.

9. Defendants David Dawood and Jane Doe Dawood are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Defendants

David Dawood and Jane Doe Dawood are owners of Defendant Royal Towing and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

10. Under the FLSA, Defendants David Dawood and Jane Doe Dawood are employers. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendants David Dawood and Jane Doe Dawood had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the interest of Defendant Royal Towing in relation to the company's employees, Defendants David Dawood and Jane Doe Dawood are subject to individual liability under the FLSA.

11. Defendants Revan Tamaru and Jane Doe Tamaru are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Revan Tamaru and Jane Doe Tamaru are owners of Defendant Royal Towing and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

12. Under the FLSA, Defendants Revan Tamaru and Jane Doe Tamaru are employers. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendants Revan Tamaru and Jane Doe Tamaru had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in

connection with Plaintiff's employment with Defendants. As persons who acted in the interest of Defendant Royal Towing in relation to the company's employees, Defendants Revan Tamaru and Jane Doe Tamaru are subject to individual liability under the FLSA.

13. Defendants Randy Tamaru and Jane Doe Tamaru II are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Randy Tamaru and Jane Doe Tamaru II are owners of Defendant Royal Towing and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

14. Under the FLSA, Defendants Randy Tamaru and Jane Doe Tamaru II are employers. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendants Randy Tamaru and Jane Doe Tamaru II had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the interest of Defendant Royal Towing in relation to the company's employees, Defendants Randy Tamaru and Jane Doe Tamaru II are subject to individual liability under the FLSA.

15. Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

16. Defendants, and each of them, are sued in both their individual and corporate capacities.

17. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

18. At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

19. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

20. At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

21. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

22. Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

23. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

24. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

25. Plaintiff, in his work for Defendant, regularly handled goods produced or transported in interstate commerce.

## FACTUAL ALLEGATIONS

26. Defendants own and/or operate as Royal Towing, an enterprise located in Maricopa County, Arizona.

27. Defendant Royal Towing is a vehicle towing and repossession company located in Phoenix, Arizona.

28. Plaintiff was hired by Defendants in approximately December 2020.

29. At all relevant times, Plaintiff worked for Defendants until approximately March 2021.

30. At all relevant times, in his work for Defendants, Plaintiff worked as a tow-truck driver for Defendants.

31. In his work for Defendants, Plaintiff performed non-exempt manual, unskilled labor, all of which was related to vehicle towing. Such work included, but was not limited to, towing vehicles to and from Defendants' holding facility, shops, customers' homes, or body shops.

32. Defendants, in their sole discretion, paid Plaintiff a salary of $1,460.00 semi-monthly on the 5th and the 20th of each month, regardless of the number of hours he worked in a given workweek.

33. Plaintiff, in his work for Defendants, was generally scheduled to, and did, work in excess of 40 hours in each workweek.

34. Defendants did not compensate Plaintiff one and one-half times his regular rate of pay for all hours worked in excess of 40 hours in a workweek.

35. Defendants did not compensate Plaintiff one and one-half times his regular rate of pay for all hours worked in excess of 40 hours in a workweek based solely on the fact that Defendants paid Plaintiff a salary.

36. Defendants classified Plaintiff as W-2 employee.

37. In his work for Defendants, Plaintiff was not a manager.

38. In his work for Defendants, Plaintiff did not have supervisory authority over any employees.

39. In his work for Defendants, Plaintiff did not possess the authority to hire or fire employees.

40. In his work for Defendants, Plaintiff did not possess authority to make critical job decisions with respect to any of Defendants' employees.

41. In his work for Defendants, Plaintiff did not direct the work of two or more employees.

42. In his work for Defendants, Plaintiff did not exercise discretion and independent judgment with respect to matters of significance.

43. Plaintiff's primary duty was not the management of the enterprise in which he was employed or any recognized department of the enterprise.

44. From the beginning of Plaintiff's employment through the present day, Defendants failed to properly compensate him for any of his overtime hours.

45. At all relevant times, Defendants controlled Plaintiff's schedules.

46. At all relevant times, Plaintiff was economically dependent on Defendants.

47. At all relevant times, Defendants did not pay Plaintiff one and one-half times his regular rates of pay for time spent working in excess of 40 hours in a given workweek.

48. During the time that Plaintiff worked for Defendants, Plaintiff regularly worked in excess of 40 hours in a given workweek without receiving any overtime premium whatsoever, in violation of the FLSA, 29 U.S.C. § 207(a).

49. During the time that Plaintiff worked for Defendants, Plaintiff regularly worked in excess of 40 hours in a given workweek without receiving one and one-half times his regular rate of pay, in violation of the FLSA, 29 U.S.C. § 207(a).

50. Plaintiff was a non-exempt employee.

51. At all relevant times, Defendants failed to properly compensate Plaintiff for any of his overtime hours.

52. Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff during the course of his employment would violate federal and state law, and Defendants were aware of the FLSA overtime requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

53. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

54. Plaintiff is a covered employee within the meaning of the FLSA.

55. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

56. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

57. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum and overtime wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY OVERTIME

58. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

59. Plaintiff was a non-exempt employee entitled to statutorily mandated overtime wages.

60. In a given workweek, Defendants failed to pay one and one-half times the applicable regular rate of pay for all hours worked in excess of 40 hours.

61. As a result of Defendants' failure to pay Plaintiff one and one-half times his regular rate for all hours worked in excess of 40 per week in a given workweek, Defendants failed and/or refused to pay Plaintiff the applicable overtime rate for all hours worked for the duration of his employment, in violation of 29 U.S.C. § 207.

62. As a result of Defendants' willful failure to compensate Plaintiff the applicable overtime rate for all hours worked, Defendants violated the FLSA.

63. As such, the full applicable overtime rate is owed for all hours that Plaintiff worked in excess of 40 hours per week.

64. Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff the proper overtime rate would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

65. Defendants have and continue to willfully violate the FLSA by not paying Plaintiff a wage equal to one and one-half times the applicable regular rate of pay for all time Plaintiff spent working for Defendants.

66. Plaintiff is therefore entitled to compensation one and one-half times his regular rate of pay for all hours worked in excess of 40 per week at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Edward Taylor, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants committed one of more of the following acts:

    i. Violated overtime wage provisions of the FLSA, 29 U.S.C. § 207(a), by failing to pay proper minimum wages;

    ii. Willfully violated overtime wage provisions of the FLSA, 29 U.S.C. § 207(a) by willfully failing to pay proper overtime wages;

B. For the Court to award Plaintiff's unpaid overtime wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 23rd day of July, 2021.

BENDAU & BENDAU PLLC

By: /s/ *Christopher J. Bendau*
Clifford P. Bendau, II
Christopher J. Bendau
*Attorney for Plaintiff*

## VERIFICATION

Plaintiff, Edward Taylor, declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and believe, and, as to those matters, he believes them to be true.

DocuSigned by:

*Edward Taylor*

643A1D859C8B465...

Edward Taylor